IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GIAN SINGH SAMBHI, SATNAM SINGH, AND
JETINDER SINGH,

      Plaintiffs,

v.                                                                                   No.

HARPREET SINGH, PARMJIT SINGH, AND
AMAN SHARMA,

      Defendants,

BABABUDHAJI, CORP.; GURUNANAKDEVJI, CORP.;
PSJ, CORP; AND ADJ, CORP.; New Mexico corporations,

      Involuntary Defendants.

## COMPLAINT FOR BREACH OF FIDUCIARY DUTY, CONVERSION, UNJUST ENRICHMENT, DECLARATORY RELIEF, ACCOUNTING, CONSTRUCTIVE FRAUD, FRAUD, APPOINTMENT OF A RECEIVER, AND DAMAGES

**COME NOW** Plaintiffs, Gian Singh Sambhi, Satnam Singh, and Jetinder Singh, ("Plaintiffs"), by and through their attorney, Michael L. Danoff, and for their Complaint for Breach of Fiduciary Duty, Conversion, Unjust Enrichment, Declaratory Relief, Accounting, Constructive Fraud, Fraud, Appointment of a Receiver, and Damages states the following:

1. Plaintiff Gian Singh Sambhi is a resident of Fremont, California and has been for more than six months prior to filing this action.

2. Plaintiff Satnam Singh is a resident of Union City, California and has been for more than six months prior to filing this action.

3. Plaintiff Jetinder Singh is a resident of Stockton, California and has been for more than six months prior to filing this action.

4. Defendant Harpreet Singh is a resident of Grants, New Mexico and has been for more than six months prior to filing this action.

5. Defendant Parmjit Singh is a resident of Grants, New Mexico and has been for more than six months prior to filing this action.

6. Defendant Aman Sharma is a resident of Grants, New Mexico and has been for more than six months prior to filing this action.

7. Involuntary Defendant, Bababudhaji, Corp. is a New Mexico Corporation with its principal place of business in Grants, Cibola County, State of New Mexico.

8. Involuntary Defendant, Gurunanakdevji, Corp. is a New Mexico Corporation with its principal place of business in Grants, Cibola County, State of New Mexico.

9. Involuntary Defendant, PJS, Corp. is a New Mexico Corporation with its principal place of business in Grants, Cibola County, State of New Mexico.

10. Involuntary Defendant, ADJ, Corp. is a New Mexico Corporation with its principal place of business in Gallup, McKinley County, State of New Mexico.

11. Bababudhaji, Corp. owns and operates the Comfort Inn motel in Grants, New Mexico.

12. Gurunanakdevji, Corp. owns and operates the Travel Lodge motel in Grants, New Mexico.

13. PJS, Corp. owns and operates the Super 8 motel in Grants, New Mexico.

14. ADJ, Corp. owns and operates the Comfort Inn motel in Gallup, New Mexico.

15. There is diversity of citizenship, the amount in controversy exceeds $75,000.00, and the jurisdiction and venue is proper in the United States District Court for the State of New Mexico.

16. Relative to the operation of the Corporations, Defendants were responsible for the control of the day-to-day operations and management of the Corporations.

17. There is a dispute as to the correct ownership percentages and stock certificates issued for all four of the corporations and properties.

18. At the times of the transactions of which the Plaintiffs complain in this action, each plaintiff was and still is a stockholder of the Corporations.

19. Defendants have failed to provide complete and/or accurate financial records in a timely fashion.

20. There are no disinterested directors or board members in this matter.

21. Defendants have refused to take action and that a demand on them to bring or join in action to prevent fraudulent diversion of various corporate assets would be futile and useless.

22. Upon information and belief, the controlling Defendants directors and officers have participated in the alleged wrongdoing.

## COUNT I: BREACH OF FIDUCIARY DUTY

23. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 22 as if fully plead herein.

24. Defendants were acting as fiduciaries of Plaintiff's and Bababudhaji, Corp., Gurunanakdevji, Corp., PJS, Corp., and ADJ, Corp ("the Corporations").

25. The Defendants breached a fiduciary duty to Plaintiffs by not informing them in regard to financial information in regard to the businesses or informing the Defendants of the day-to-day operation of the businesses.

26. Plaintiffs and the Corporations have incurred damages.

27. The Defendant's breach of fiduciary duty was a cause of the damages to Plaintiff's and the Corporations.

28. Defendants embarked the Corporations upon a course of corporate conduct detrimental and injurious to Plaintiffs.

29. As a result of Defendants breach of fiduciary duty, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

30. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

31. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

## **COUNT II: CONVERSION**

32. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 31 as if fully plead herein.

33. Defendants exercised unauthorized assumption and ownership of Plaintiff's personal property including but not limited to money withdrawn from the Corporations bank accounts without their knowledge, misappropriation of corporate funds, fraudulent real estate transactions, and corporate funds for Defendant's personal gain.

34. Plaintiffs, as partial true owners of the money in the Corporate bank account, was deprived of their property by the unauthorized acts and transfers of funds and Defendants who assumed dominion and control over the Corporate funds. The Defendants have made transfers of funds which are not in the best interest of the Corporations.

35. There was clear intent for the wrongful acts that were done on the part of the Defendants, even though intent is not an essential element of a conversion claim.

36. As a result of Defendants conversion, Plaintiffs are entitled to compensatory damages in

an amount to be proven at trial.

37. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

38. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

### COUNT III: UNJUST ENRICHMENT

39. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 38 as if fully plead herein.

40. Defendants were unjustly enriched by using corporate funds for their personal gain and not to further the best interests of the corporate entities.

41. Plaintiffs were personally impoverished as a result of Defendants withdraws from the corporate bank accounts that were used for Defendants' personal gain.

42. There is a direct connection between the Defendant's enrichment and the Plaintiffs' impoverishment.

43. There is not a justification for the Defendants' enrichment and Plaintiffs' impoverishment.

44. There is not an adequate remedy provided by the law.

45. As a result of Defendants unjust enrichment, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

46. Plaintiffs are entitled to an award of restitution in an amount to be proven at trial.

### COUNT IV: DECLARATORY RELIEF

47. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 46 as if fully plead herein.

48. There is a dispute as to the stock certificates issued for each of the four corporations.

49. Defendants unilaterally had stock certificates cancelled and reissued without the knowledge or approval of Plaintiffs.

50. Defendants never compensated Plaintiffs for stock certificates that they allege Plaintiffs transferred to Defendants.

51. There is incomplete documentation and history of the stock certificates issued for the corporations.

52. Plaintiffs have a practical interest in the declaration sought and have been adversely affected by Defendants' arbitrary and capricious cancellation and issuance of stock certificates.

53. Plaintiffs seek declaratory relief in order to ascertain the correct stock ownership and reissue stock certificates in accordance with the correct ownership of the shareholders in the four corporations.

54. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

55. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

## COUNT V: ACCOUNTING

56. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 55 as if fully plead herein.

57. A confidential relationship existed between Plaintiffs and Defendants.

58. The Defendants had control over the Corporations' equipment and financial records concerning the properties.

59. After a demand for an accounting Defendants' did not provide an accounting of the financial records and the equipment.

60. There is no adequate remedy at law.

61. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

62. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

### COUNT VI: CONSTRUCTIVE FRAUD

63. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 62 as if fully plead herein.

64. The parties had a special confidential or fiduciary relationship

65. This special relationship surrounded the consummation of the transactions in which the Defendants are alleged to have taken advantage of this position of trust to Plaintiffs detriment.

66. Defendant's made false representations as to the ownership of stock, and distributions of corporate funds, innocently or negligently, and Plaintiffs suffered damages as a result of reliance on those misrepresentations.

67. The Defendants have converted corporate funds for their own personal gain and benefit to the detriment of the Plaintiffs.

68. Defendant gained an advantage at the expense of the Plaintiffs.

69. As a result of Defendants constructive fraud, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

70. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

71. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

### COUNT VII:  FRAUD

72. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 71 as if fully plead herein.

73. Defendants used corporate funds for their personal use and personal entertainment as evidenced by the corporate credit card statements.

74. Defendants made false representations of material fact to the lawyer issuing the stock certificates.

75. As a result of Defendants' false representations instructed to corporate counsel, corporate counsel cancelled original stocks issued to Plaintiffs and reissued new stock certificates to Defendants. Plaintiff Satnam Singh was never compensated for the stocks that he allegedly transferred to Defendants.

76. Defendant Aman Sharma and Defendant Parmjit Singh made false representations to Plaintiff Satnam Singh regarding the cancellation of stock certificates.

77. Defendant Parmjit Singh, as real estate agent for the corporations, used Corporate funds to purchase real estate for the corporations, but only put his son Defendant Harpreet Singh's name on the real estate contract and title to the ADJ property in Gallup, which had the largest down payment and the most equity of the four properties, even though he had falsely represented to the other shareholders that the appropriate shareholders name would be on all four real estate contracts.

78. Defendants had control over the corporate funds and used corporate funds to pay family members, for example, Defendant Harpreet Singh's mother, Gurcharn Kaur, who never actually worked for the hotels or even lived in the United States during the time they were paid.

79. Defendant Harpreet Singh knowingly made false misrepresentations that Plaintiff Gian

Sambhi stole a company vehicle when in fact Defendant Parmjit Singh had asked Gian Sambhi to use the vehicle to get materials in California that were needed for repairs on the properties.

80. Defendant Harpreet Singh made false representations to his lawyer in order to threaten filing a complaint alleging that Gian Sambhi stole the corporate vehicle when in fact Gian Sambhi had been directed by Parmjit Singh to use the corporate vehicle to obtain supplies for the hotels.

81. Defendant Harpreet Singh has paid and continues to pay his attorney fees from the corporate funds.

82. Defendants used their position to misappropriate corporate funds for their own personal gain.

83. Defendants knowingly made false representations to the corporate accountants, Sage Accounting.

84. The material representations made to both the Plaintiffs and the Defendants were made with the intent to deceive and induce Plaintiffs to rely on those false representations.

85. Plaintiffs did in fact rely on representations made by Defendants.

86. As a result of Defendants fraud, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

87. The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.

88. Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

## COUNT VIII: APPOINTMENT OF A RECEIVER

89. Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 87 as if

fully plead herein.

90. Defendants have misused their rights as corporate officers.

91. Defendants have continued to increase their salary without the authorization of the board of directors.

92. Upon information and belief, Defendants used corporate funds to pay Gurcharn Kaur, who is the wife of Parmjit Singh and mother of Harpreet Singh, even though she has never worked for ADJ, Corp.

93. Defendants have used corporate funds for personal use.

94. Defendant Parmjit Singh submitted incorrect information to the title company by putting his individual name on the title when corporate funds were used to purchase the properties and the respective Corporation that purchased each property should be the name on the title.

95. Upon information and belief, the Defendants paid Gurcharn Kaur, who never worked for and has never been a part of ADJ, Corp., with corporate funds.

96. Defendants hired an attorney and mislead and made false representations of material fact to the attorney in order to have the attorney issue new stock certificates and canceling current or original certificates of the shareholders.

97. Defendant Harpreet Singh made false statements at every meeting, including but not limited to lying about online access to the corporate bank accounts.

98. Defendant Harpreet Singh's family has lived in the Comfort Inn property for free since the beginning of 2008 without the authorization of the Board of Directors.  This particular residence is normally rented out for $1,000-$1,500 per month.

99. Defendant Harpreet Singh has taken other shareholders' names out of the corporate bank

accounts and has continually given incorrect information to the corporate accountant, Sage Accounting, which has hurt the Corporations.

100. Defendants' conduct has been fraudulent and Defendants will continue to act in a fraudulent manner as long as they are allowed to be in control of the Corporations.

101. There is imminent danger that property will be concealed, lost, or diminished in value if Defendants are allowed to continue to make decisions that are not in the best interest of the Corporations.

102. There is an inadequacy of legal remedies to resolve this particular issue of control over the day-to-day operations of the Corporations.

103. As a result of Defendant's actions, Plaintiff's have lost all trust in Defendants' ability to run the day-to-day operations of the Corporations.

104. There is not a less drastic equitable remedy that can resolve this issue and the Corporations will continue to suffer financial harm if a receiver is not appointed immediately.

105. The appointment of a receiver will do more good than harm for the Corporations.

106. Plaintiffs will suffer irreparable harm if a receiver is not appointed.

107. Plaintiffs are entitled to the appointment of a receiver to oversee the day-to-day operation of the Corporations.

WHEREFORE, Defendants' conduct was willful, reckless, wanton, fraudulent, and in bad faith and Plaintiffs pray the Court for compensatory damages in an amount to be proven at trial, for punitive damages in an amount to be proven at trial, for the appointment of a receiver, an accounting, and for such other and further relief as the Court may deem just and proper.

MICHAEL DANOFF & ASSOCIATES, P.C.

<div style="margin-left:50%">

<u>/s/Electronically filed Michael L. Danoff</u>
Michael L. Danoff
Attorney for Plaintiffs
604 Chama St., NE
Albuquerque, NM 87108
Telephone No.: (505) 262-2383
Facsimile No.: (505) 266-4330

</div>