# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**GIAN SINGH SAMBHI, et al.,**

   **Plaintiffs,**

**vs.**                                                                            **No. Civ. 09-1053 MCA/RLP**

**HARPREET SIGNH, et al.,**

   **Defendants.**

## Memorandum Opinion and Order
## Denying Plaintiffs' Emergency Motion for Appointment of a Receiver.

   This is a diversity action in which Plaintiffs, residents of California, allege that they are shareholders in corporations which operate and run four motels in New Mexico [1]. They have sued the individual Defendants for alleged wrongdoing in the operation and management of the motels. The motels are named as involuntary defendants. Plaintiffs allege breach of fiduciary duty, conversion, unjust enrichment, constructive fraud, and fraud, and seek an appointment of a receiver, an accounting and damages. Defendants have responded by filing Motions to Dismiss pursuant to F.R.Civ.P. 12(b)(6). (Docket Nos. 15, 19, 28). Those motions are pending before the District Court.

   On March 9, 2010, Plaintiffs filed an *Emergency Motion for Appointment of a Receiver*, to operate the four motels. (Docket No. 41). Defendants responded to the Motion on March 24, 2010 (Docket No. 49). Plaintiff has neither filed a Reply to the Motion nor filed a Notice of Completed briefing. The court assumes, however, that briefing is now complete.[2]

   In support of the Motion, Plaintiffs submitted three virtually identical affidavits. (Docket

---

[1] Bababudjahi Corp., owner and operator of the Comfort Inn in Grants, NM; Gurunanakdevji Corp., owner and operator of the Travel Lodge Motel in Grants, NM; PJS Corp., owner and operator of the Super 8 Motel in Grants, NM, and ADJ Corp., owner and operator of the Comfort Inn Motel in Gallup, NM.

[2] Counsel are directed to D.N.M. LR-Civ. 7.1(b) and 7.4(a).

No. 41, Exs. A, B & C). These affidavits assert that Defendants are responsible for the day-to-day operations and management of the corporations (motels), and that the Plaintiffs have no knowledge of what is taking place with regard to corporate assets, money, financial or account information because of Defendants' failure to keep them informed and because Defendants have blocked Plaintiffs' access to corporate bank accounts. The affidavits then proceed to list, in a somewhat conclusory and indefinite manner, various wrongdoing by the Defendants.

Federal law governs the appointment of a receiver in diversity cases. Sterling v. Stewart 158 F.3d 1199, 1201 (11th Cir. 1998); Maxwell v. Enterprise Wall Paper Mfg. Co., 131 F.2d 400, 402 (3d Cir.1942); Waag v. Haam, 10 F.Supp. 2d 1191, 1193 (D. Colo. 1998); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2983, (hereafter Wright, Miller & Kane). Receivership is an extraordinary equitable remedy that lies in the discretion of the court, justifiable only in extreme situations. Kelleam v. Maryland Cas. Co. of Baltimore, Md., 312 U.S. 377, 381, 61 S.Ct. 595, 85 L.Ed. 899 (1941); Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir.1993); Macon Lumber Co. v. Bishop & Collins, 229 F.2d 305, 307 (6th Cir.1956), Waag v. Haam, 10 F.Supp. 2d at 1193). The appointment of a receiver or the refusal to appoint rests in the sound judicial discretion of the trial court. Skirvin v. Mesta, 141 F.2d 668, 673 (10th Cir. 1941)

Factors considered in evaluating whether to appoint a receiver are: (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good. Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316-317 (9th Cir. 1993); Wright, Miller & Kane §

2983.

Plaintiffs appear to have a valid claim as shareholders to their interest in the property at issue.  At this stage of the proceedings, Plaintiffs affidavits are an  insufficient basis upon which to order the extraordinary remedy of appointment of a receiver.   There is a question as to whether the Defendants have actually engaged in fraudulent conduct or will probably engage in furture fraudulent conduct.  There is also a question as to whether there is an "imminent danger that the property will be lost, concealed, or diminished in value...." In addition, the parties appear to thave adequate legal remedies to protect their rights.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Emergency Motion for Appointment of a Receiver* is denied.

Richard L. Puglisi
Chief United States Magistrate Judge