# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GIAN SINGH SAMBHI, SATNAM SAMBHI, and
JETINDER SAMBHI,

                Plaintiffs,

v.                                          CIV. No: 09-CV-1053
                                          MCA/RLP

HARPREET SINGH, PARMJIT SINGH, and
AMAN SHARMA,

                Defendants,

BABABUDHAJI CORP,; GURUNANAKDEVJI CORP,;
PSJ, CORP.; and ADJ, CORP.; New Mexico Corporations,

                Involuntary Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' *Motion To Dismiss By Defendants Harpreet Singh And Aman Sharma* [Doc 15]; *Motion To Dismiss By Defendants Bababudhaji Corp., Gurunanakdevji, Corp., PSJ, Corp., And ADJ, Corp.* [Doc 19], and *Motion To Dismiss By Defendant Parmjit Singh* [Doc 28]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the *Motions* and permits Plaintiffs the opportunity to amend their *Complaint*.

**I.**      **BACKGROUND**

Plaintiffs have brought suit against Defendants—three Individual Defendants and

four Corporations—in order to recover for an alleged breach of fiduciary duty, conversion, unjust enrichment, constructive fraud, and fraud. [See Doc 1] The Corporations consist of three motels based in Grants, New Mexico and one motel located in Gallup, New Mexico. [Id. at 2] Plaintiffs allege that they are stockholders and that "Defendants were responsible for the control and day-to-day operations and management of the Corporations." [Id. at 3] Defendants have filed three motions to dismiss Plaintiffs' *Complaint For Breach Of Fiduciary Duty, Conversion, Unjust Enrichment, Declaratory Relief, Accounting, Constructive Fraud, Fraud, Appointment Of A Receiver, And Damages* [Doc 1] (the *Complaint*).

## II.   ANALYSIS

Primarily at issue between the parties in these motions is this Court's standard for review. Defendants repeatedly cite Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (Twombly) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted) (Iqbal), for the proposition that Plaintiffs are required to allege factual support for their claims. Plaintiffs insist that "[a] court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief." [Doc 24 at 1]

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The sufficiency of a complaint is a question of law, and when considering and addressing a motion to dismiss pursuant to rule 12(b)(6), a

court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006).  Further, in order to withstand a rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (internal citation omitted).  If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed. Id. at 570.

In deciding Twombly, the United States Supreme Court invalidated the longstanding rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Conley standard proved problematic over the years because it suggests that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  As a result, defendants may be forced to bear the burden and expense of discovery before they are afforded a real opportunity to seek the dismissal of groundless claims, while plaintiffs may use the burdensome discovery process as leverage

to induce otherwise unjustified settlement of such groundless claims.  See Twombly, 550 U.S. at 557-59.

A complaint is now subject to dismissal under the new standard if it does not "possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hask, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Two "working principles" underlie the Twombly standard.  Iqbal, 129 S.Ct. at 1949.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Id. at 1949-50 (internal citations omitted).  Thus, in order to evaluate a motion to dismiss, the Court engages in a two-part inquiry by initially identifying those allegations that are nothing more than legal conclusions and therefore "not entitled to the assumption of truth" and then considering whether the factual allegations "plausibly suggest an entitlement to relief." Id. at 1951.  Accordingly, I begin by evaluating the elements of the

pleaded causes of action, in order to determine whether the complaint states sufficient factual allegations to implicate the claims for relief.  See id. at 1947.  Applying that standard, the deficiencies in Plaintiffs' *Complaint* become apparent.

For example, Plaintiffs allege the following in support of their claim for breach of fiduciary duty:

> 24.  Defendants were acting as fiduciaries of Plaintiff's *[sic]* and Bababudhaji, Corp., Gurunanakdevji, Corp., PSJ, Corp., and ADJ, Corp ("the Corporations").
>
> 25.  The Defendants breached a fiduciary duty to Plaintiffs by not informing them in regard to financial information in regard to businesses or informing the Defendants of day-to-day operation of the business.
>
> 26.  Plaintiffs and the Corporations have incurred damages.
>
> 27.  The Defendant's *[sic]* breach of fiduciary duty was a cause of the damages to Plaintiff's *[sic]* and the Corporations.
>
> 28.  Defendants embarked the Corporations upon a course of corporate conduct detrimental and injurious to Plaintiffs.
>
> 29.  As a result of Defendants breach of fiduciary duty, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.
>
> 30.  The actions of the Defendants' were willful, wanton, and in reckless disregard to the Plaintiffs and punitive damages should be awarded in an amount to be proven at trial.
>
> 31.  Plaintiffs are entitled to actual and punitive damages in an amount to be proven at trial.

[Doc 1 at 3-4]  Pursuant to the mandate of Iqbal, the Court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements. . . ." Id., 129 S.Ct. at 1949.  The statement that "Defendants were acting as fiduciaries of Plaintiff's *[sic]* and [the Corporations]" is just such a threadbare recital, supported only by a conclusory statement.  See Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd., 113 N.M. 9, 12, 820 P.2d 1323, 1326 (1991) ("Whether a duty exists is generally a question of law. . . .").  A fiduciary duty exists "in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence." Branch v. Chamisa Dev. Corp. Ltd., 2009-NMCA-131, ¶ 40, 147 N.M. 397, 223 P.3d 942 (internal quotation marks and citation omitted).  Whether such a duty exists "turns on whether the relationship between the parties is one of trust and confidence." Id. (internal quotation marks and citation omitted).  Plaintiffs have not alleged any facts to support the existence of a fiduciary duty.

It is well established that corporate officers and directors owe a fiduciary duty to the corporation.  See DiIaconi v. New Cal Corp., 97 N.M. 782, 788, 643 P.2d 1234, 1240 (Ct. App. 1982).  Plaintiffs, however, have failed to allege that Individual Defendants are corporate officers or directors.  Although Plaintiffs state in their briefing that "it is quite clear that Defendants were directors and officers in control of the corporations," [Doc 24 at 12] the only such reference is at paragraph 22 of the *Complaint*, which states that "the controlling Defendants directors and officers have participated in the alleged wrongdoing." [Doc 1 at 3]  It is not clear whether this allegation is intended to convey that the "directors and officers" are separate from "the controlling Defendants" or that

the "directors and officers" of the Defendant Corporations took wrongful action.  Neither construction indicates that the Individual Defendants are directors or officers.  Plaintiffs' subsequent arguments aside, based on the language in *Complaint*, the status of Individual Defendants is far from "clear."

If Plaintiffs' intention was to rely on the fiduciary duty between officer/directors and a corporation, the *Complaint* is further deficient because such a duty gives rise to a derivative cause of action for Plaintiffs as shareholders.  See Petty v. Bank of N.M. Holding Co., 109 N.M. 524, 527,  787 P.2d, 446 443 (1990).  A derivative suit is brought on behalf of a corporation in order to defend the corporation's rights.  Id.  As such, no relief lies for Plaintiffs directly, but instead only for the Corporations.  There are exceptions to this general rule of derivative actions—but Plaintiffs have not pleaded facts that would support the application of such exceptions.  See Marchman v. NCNB Texas Nat'l Bank, 120 N.M. 74, 81-82, 898 P.2d 709, 716-17  (1995) ("There are exceptions to the general rule that a shareholder cannot sue individually for injuries to his or her corporation.  Those exceptions arise where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and where the shareholder suffered an injury separate and distinct from that suffered by other shareholders" (internal quotation marks and citation omitted)).

New Mexico law further permits a shareholder to take direct action against other shareholders under certain circumstances.  The New Mexico Court of Appeals has held that shareholder in a close corporation owes a fiduciary to other shareholders.  See Walta

v. Gallegos Law Firm, P.C., 2002-NMCA-015, ¶¶ 47-48, 131 N.M. 544, 40 P.3d 449. If Plaintiffs' intended to plead such a cause of action against Individual Defendants as shareholders, they have neither alleged that Individual Defendants are shareholders of the Corporations nor facts that would lead to an inference that the Corporations are close corporations. See Clark v. Sims, 2009-NMCA-118, ¶ 16, n.12, 147 N.M. 252, 219 P.3d 20 (defining close corporations).

These noted deficiencies in the *Complaint* are equally applicable to the remainder of Plaintiffs' claims for direct relief. Specifically, all of Plaintiffs' claims for direct relief, as opposed to derivative relief, fail unless Plaintiffs allege facts to support the application of an exception to the general rule that "a shareholder cannot sue individually for injuries to his or her corporation." Marchman, 120 N.M. at 81, 898 P.2d at 716. In the absence of such facts, no direct cause of action lies for Plaintiffs.[1] Based on this review of Plaintiffs' claims, the *Complaint* in its entirety cannot currently withstand the mandate of Twombly and Iqbal. Plaintiffs' legal theories are not ascertainable nor have sufficient facts been pleaded for this Court to determine whether any potential claims are more than speculative. See Christy Sports, LLC v. Deer Valley Resort Co., Ltd., 555 F.3d 1188, 1191 (10th Cir. 2009) ("The complaint 'does not need detailed factual allegations,' but the '[f]actual allegations must be enough to raise a right to relief above the speculative

---

[1] This review of Plaintiffs' claim for breach of fiduciary duty does not constitute a ruling by this Court that the remainder of Plaintiffs' claims are sufficiently pleaded. Plaintiffs are advised to review their claims, to review Twombly and Iqbal, and to evaluate whether the remaining claims are sufficiently supported by *factual*, rather than conclusory legal, statements.

level.'" (alteration in original) (internal citations omitted) (*quoting* Twombly, 550 U.S. at 1965)).

Turning to Defendants' *Motion To Dismiss By Defendants Bababudhaji, Corp., Gurunanakdevji Corp., PSJ, Corp., And ADJ, Corp.* [Doc 19], the Corporations argue that Plaintiffs have failed to "bring any claim against any of the Corporate Defendants or allege any damage caused by any of the Corporate Defendants." [Doc 20 at 2] Plaintiffs respond to this argument by stating that "Defendants' Motion to Dismiss merely argues that Plaintiffs did not bring any claim against any of the corporate Defendants or allege any damage caused by any of the corporate Defendants." [Doc 35 at 3] Plaintiffs continue and provide a number of reasons for including the Corporations as Defendants—reasons that were not made a part of the *Complaint*. Indeed, no part of the *Complaint* alleges facts to support any of the claims against the Corporations. The *Complaint* as it currently stands does not allege any wrongdoing against the Corporations, and thus, no recovery is available for Plaintiffs.

Despite these conclusions, this Court retains the discretion to permit Plaintiffs' to amend their *Complaint*. Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1288 (10th Cir. 2008). Rule 15(a)(2) of the Federal Rules of Civil Procedure direct that "a party may amend its pleading only with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." Under these circumstances, I find that justice requires that Plaintiffs' be given leave to amend their *Complaint*. [Doc 25 at 6]

### III.     CONCLUSION

For the reasons stated above, the *Complaint* does not allege sufficient facts to suggest a plausible entitlement to relief.

**IT IS THEREFORE ORDERED** that Defendants' *Motion To Dismiss By Defendants Harpreet Singh And Aman Sharma* [Doc 15], Defendants' *Motion To Dismiss By Defendants Bababudhaji, Corp., Gurunanakdevji Corp., PSJ, Corp., And ADJ, Corp.* [Doc 19], and Defendants' *Motion To Dismiss By Defendant Parmjit Sing* [Doc 28] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted 14 calendar days from the date of entry of this Order to amend their *Complaint*.

**SO ORDERED** this 31st  day of August 2010, in Albuquerque, New Mexico.

                                                                                  _____
                                                                                     M. CHRISTINA ARMIJO
                                                                                     United States District Judge