IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GIAN SINGH SAMBHI, *et al*.,

        Plaintiffs,

v.                                           CIV 09-1053 MCA/KBM

HARPREET SINGH, *et al.,*

        Defendants.

## ORDER RE: MOTION *(Doc. 182)*

THIS MATTER is before the Court on Plaintiff's Emergency Motion for Declaratory Relief of $37,800 as Plaintiff Gian Singh Sambhi's 2009 Shareholder Distribution for Bababudhaji, Corp., PJS, Corp., and Gurunanakdevji Corp. *See Doc. 182* (filed July 13, 2012). Plaintiffs ask that I find that the $37,800 deposited by Plaintiff's former attorney into his trust account be released to Plaintiff Gian Singh Sambhi as properly constituting 2009 shareholder distribution funds which he was owed. This is relief that I am not in a position to provide.

As a federal magistrate judge, my authority is defined by Congress' enactment of 28 U.S.C. § 636. That statute provides that "Notwithstanding any provision of law to the contrary -- (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § (b)(1)(A). I

agree with Defendants that Plaintiffs' request for declaratory relief is more akin to a dispositive motion for summary judgment over which I have no authority decide at this juncture.

There are only two ways that I could address such a motion: (1) if the presiding judge refers it to me for a report and recommendation pursuant to 28 U.S.C. § (b)(1)(B) and the parties be given fourteen days in which to file objections, or (2) if the parties voluntarily consent pursuant to 28 U.S.C. § 636(c)(1).  Clearly Defendants do not so consent, *see Doc. 195* at16-17, and it is their absolute right to withhold consent without any adverse consequences.  *See* 28 U.S.C. § 636(c)(2).  Finally, there has been no such referral to me for a report and recommendation.  Given that Plaintiffs have cast their motion as one seeking a decision on an emergency basis, the presiding judge may well believe that she is in the best position to address its merit.

Wherefore,

**IT IS HEREBY ORDERED** that insofar as Plaintiff asks that I rule on the above entitled motion, the motion is denied.  In all other respects, the motion is pending and ready for a ruling by the presiding district judge.

*/s/ Karen B. Molzen*
_____
UNITED STATES CHIEF MAGISTRATE JUDGE

2