IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GIAN SINGH SAMBHI, et al.,

      Plaintiffs,

v.                                                CIV 09-1053 MCA/KBM

HARPREET SINGH, et al.,

      Defendants.

ORDER ON MOTIONS TO COMPEL *(Docs. 273 & 273)*

THIS MATTER is before the Court on two pending motions to compel filed by Defendants.  The Court has reviewed the motions, memoranda and exhibits submitted by the parties and the relevant authorities.  As an initial matter, the Court is persuaded that Defendants made sufficient good faith efforts to resolve the issues prior to filing the motions.

**I. Defendants' Motion to Compel Gian Singh Sambhi's Answers to Defendant Harpreet Singh's First Interrogatories and Requests for Production *(Doc. 272)***

Defendants move to compel responsive, complete answers to Interrogatory Numbers 1, 4, 5, 7, 8, 9 ,10, 13, 15 and 20 and Request for Production No. 1 set forth in Harpreet Singh's first set of discovery requests served on March 10, 2010.  Plaintiff Sambhi maintains that these discovery requests constitute improper contention interrogatories.  "Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

Defendants do not dispute that these requests ask for "the full factual and legal bases for each of the allegations" for the various counts of the Complaint and all documents supporting the allegations. Instead, Defendants rely on the fact that Plaintiff Sambhi made no objections to the discovery requests in its initial answers or in the course of supplementation made over a fifteen month period. Indeed, the "burdensome contention interrogatory" objection was raised for the first time at a hearing held July 11, 2012. Defendants therefore argue that the objections are untimely.

Although I agree that the objections are untimely, I nevertheless have concerns in granting the motion to compel. In the *Lucero* opinion, Magistrate Judge William P. Lynch distinguishes between proper and improper contention interrogatories:

> Interrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper. Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed. A party that wishes to serve contention interrogatories early in the discovery process must serve only a limited set of interrogatories and must be able to demonstrate that answers to the questions will clarify the issues in the case, narrow the scope of the dispute, set up early settlement discussions, or expose a substantial basis for a motion under Rule 11 or Rule 56.

*Lucero*, 240 F.R.D. at 594 (citations omitted). Having reviewed Plaintiff's original and supplemental answers, I find that Plaintiff Sambhi has adequately responded to the discovery requests by providing "the material or principal facts that support" and supporting documents as to Plaintiffs' contentions in the various areas of inquiry.

**II. Defendants' Motion to Compel Complete Answers and Responses to Defendant Harpreet Singh's Third Interrogatories and Requests for Production to Gian Singh Sambhi and First Requests for Admissions and for Sanctions *(Doc. 273)***

Even if Plaintiff Gian Singh Sambhi made timely objections to Harpreet Singh's third set of discovery requests, those objections were abandoned by agreement in July 19, 2012. *See* Exhibits C & D to the Motion at *Docs. 273-3 & 273-4*. The Court therefore will grant the motion and require

Plaintiff Sambhi to provide complete and full responses to Defendant Harpreet Singh's third set of discovery requests and first requests for admission no later than Friday, December 21, 2012.  Insofar as Defendants seek sanctions, the motion is denied but can be renewed should Plaintiff Sambhi fail to comply with this order.

    **IT IS SO ORDERED**.

*[signature: Karen B Molzen]*

    UNITED STATES CHIEF MAGISTRATE JUDGE